15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul James GRACE, Defendant-Appellant.
 No. 93-50347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 21, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul James Grace appeals his conviction following entry of a conditional guilty plea to three counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Grace contends that the district court erred by failing to suppress evidence discovered as the result of a warrantless arrest unsupported by probable cause. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 1. Background
 
 3
 In the late afternoon of January 17, 1992, Bell Police Department (BPD) officers responded to a silent robbery alarm at Household Bank. BPD Officer Thomas McReynolds testified at the suppression hearing that, while driving to the bank, he received a description of the robber over his police radio. The robber was described as a medium to thin build, 6-foot tall, balding, 40-year old white man wearing blue pants and a plaid shirt. Officer McReynolds recognized this description as matching that of a suspect in the week-old robbery of a nearby Bank of America. Remembering that the suspect in the Bank of America robbery was seen running toward the intersection of Randolph Street and King Avenue, Officer McReynolds radioed other BPD units and suggested they concentrate the search in that area.
 
 
 4
 BPD Officers Thomas Rodriguez and Ronald Berenshot received a description of the robbery suspect over their police radio. Officer Rodriguez testified that this description was of a balding male Hispanic with a heavy build and wearing blue pants. Officer Berenshot testified that the robbery suspect was described as being an approximately 40-year old, 6-foot tall, partially bald white man of medium to thin build with a bushy mustache and wearing a plaid shirt. They proceeded in their patrol car to the neighborhood around the intersection of Randolph and King.
 
 
 5
 Officer Rodriguez testified that while cruising the area, he spotted a man he knew lived in the neighborhood and who had previously provided the officer with information which led to the apprehension of a murder suspect. Officer Rodriguez asked this man if he had seen the robbery suspect, whom he described to the citizen as a heavyset, balding male with a mustache and wearing blue pants. Officer Berenshot stated that he elaborated on the description Officer Rodriguez was giving to the citizen as further descriptive information came over the police radio. The citizen, whose name and criminal background, if any, Officer Rodriguez did not know, told the officers that he saw someone matching that description run up to an apartment located at 6209 King Avenue.[1]
 
 
 6
 Upon being told by the citizen that someone matching the description of the suspect was seen running into the apartment on King Avenue, Officer Rodriguez and Berenshot contacted other BPD units and the BPD surrounded the King Avenue apartment building. A perimeter was secured and the area immediately adjacent was evacuated. Officer Dannen, the BPD field supervisor, used a public address system to order the occupants of the apartment to come out with their hands up. This entire series of events, from the time of the silent alarm until Grace's apartment was located and surrounded, took less than ten minutes.
 
 
 7
 Grace exited the apartment as instructed and was immediately taken into custody. Grace is a bald, white male with a bushy mustache. Evidence linking Grace to the Household Bank robbery was discovered in his apartment. Grace also confessed to that robbery and others when questioned after his arrest.
 
 
 8
 The district found that Grace was under arrest at the time the officers ordered him to exit his apartment. The district court found that probable cause and exigent circumstances existed to support the warrantless arrest. The court explained that the testimony of the police officers involved was credible and found that the minor discrepancies in their testimony enhanced their credibility.
 
 2. Discussion
 
 9
 We review de novo the district court's determination of the legality of an arrest, and we uphold the district court's findings of fact unless they are clearly erroneous. United States v. Tarazon, 989 F.2d 1045, 1048 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993). "Credibility determinations ... are matters left to the trier of fact." United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989); see also United States v. Holzman, 871 F.2d 1496, 1503 (9th Cir.1989) (" 'Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.' ") (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985)).
 
 
 10
 "[W]arrantless arrests in the home are prohibited by the fourth amendment ... absent a combination of probable cause and exigent circumstances." United States v. George, 883 F.2d 1407, 1411 (9th Cir.1989). As Grace does not contest the district court's determination that exigent circumstances were present, we are concerned here only with the question of probable cause. Grace argues that the information possessed by the BPD officers at the time of his arrest was not sufficiently reliable to justify a finding of probable cause. We disagree.
 
 
 11
 "Probable cause exists when the police know 'reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense.' " United States v. Del Vizo, 918 F.2d 821, 825 (9th Cir.1990) (quoting United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1296 (9th Cir.1988)). We look to the totality of the circumstances known to the arresting officers when deciding if probable cause to arrest existed, Tarazon, 989 F.2d at 1048-49, and the probable cause determination can rest on the " 'collective knowledge' " of the investigating officers when there has been communication among them prior to the arrest, Del Vizo, 918 F.2d at 826 (quoting United States v. Bernard, 623 F.2d 551, 560-61 (9th Cir.1979)).
 
 
 12
 Grace first challenges the reliability and accuracy of the description of the robbery suspect on the basis of minor inconsistencies in the testimony of the various BPD officers. Despite Grace's claims to the contrary, the record reveals consistent testimony that the robbery suspect was an approximately 6-foot tall, 40-year old balding white or hispanic male with a bushy mustache and wearing blue pants and a plaid shirt. To the extent that Grace's argument rests on a challenge to the credibility of the government's witnesses, we find no basis for invalidating the district court's credibility determinations. See Holzman, 871 F.2d at 1503; Vasquez, 858 F.2d at 1391.
 
 
 13
 Next, Grace challenges the reliability of the citizen who provided information about Grace to Officers Rodriguez and Berenshot. We have previously recognized that " '[i]nformant's tips doubtless come in many shapes and sizes from many different types of persons,' " and that "even if an informant does not disclose the basis for his information, police corroboration or the surrounding circumstances can support a determination of the informant's reliability." Tarazon, 989 F.2d at 1049 (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). Here, the citizen informant had provided reliable information to Officer Rodriguez in the past, information which led to the apprehension of a murder suspect. In addition, the informant was hurriedly given a detailed description of a fleeing suspect and immediately provided information as to where he had seen a person matching the description of the suspect flee only moments before. Under these circumstances, we hold that the information provided by the citizen informant was sufficiently reliable to be used as a basis for a finding of probable cause. See Tarazon, 989 F.2d at 1049.
 
 
 14
 BPD officers were aware of the following information when they arrested Grace: they had a detailed description of a suspect who had just minutes earlier robbed Household bank; they were aware that a person matching that description had robbed another bank in the same neighborhood just one week previously; they had information from both robberies that indicated the robber had fled in the direction of the Randolph Street and King Avenue intersection; they were informed by an eyewitness who had previously provided reliable information that a person matching the robbery suspect's description had just run into an apartment located on King Avenue; and less than ten minutes had elapsed since the robbery. Under the totality of the circumstances known to the officers at the time of Grace's arrest, we hold that there was probable cause to support his arrest. See id.; George, 883 F.2d at 1412.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the citizen informant was never identified at the suppression hearing, the government offered to produce the informant for an in camera hearing. The defense declined this invitation